UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cr-00101-JPH-DML |
| KEENAN ROLLERSON, | ) -01 |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL**

Keenan Rollerson has filed a motion for a new trial under Federal Rule of Criminal Procedure 33. Dkt. [115]. For the reasons below, that motion is **DENIED**.

## I.
### Facts and Procedural Background

The Superseding Indictment charged Mr. Rollerson with eight counts: four counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841 (Counts 1–4) and four counts of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922 (Counts 5–8). Dkt. 90.

The Court held a jury trial on September 3–4, 2019. Dkt. 106; dkt. 110. The jury reached unanimous guilty verdicts on Counts 2, 5, 6, 7, and 8 and unanimous not guilty verdicts on Counts 1, 3, and 4. Dkt. 113.

On October 3, 2019, Mr. Rollerson filed a motion for a new trial under Federal Rule of Criminal Procedure 33. Dkt. 115.

## II.
## Applicable Law

Federal Rule of Criminal Procedure 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." *See United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019). A new trial is required only in the "most extreme cases," *United States v. Peterson*, 823 F.3d 1113, 1122 (7th Cir. 2016), when "there is a reasonable possibility that [a] trial error had a prejudicial effect on the jury's verdict," *Maclin*, 915 F.3d at 444. "Each case must turn on its special facts, and in each case the crucial factor is the degree and pervasiveness of the prejudicial influence possibly resulting from the jury's exposure to the extraneous material." *Id.*

## III.
## Analysis

### A. Final argument

Mr. Rollerson first argues that the Court deprived him of a fair trial by stopping him from making the argument that his son was responsible for "the contraband located by law enforcement." Dkt. 115 at 1–2. He contends that the jury could have reasonably inferred that this theory "could have been correct," so he should have been allowed to argue it. *Id.* The government responds that such an inference had no supporting evidence, so the Court properly limited argument. Dkt. 126 at 3–4.

The Court has "considerable discretion" in supervising counsel's arguments. *United States v. Turner*, 651 F.3d 743, 751 (7th Cir. 2011). While attorneys have leeway to suggest inferences in closing argument, those

inferences must be based on the evidence. *See United States v. Wolfe*, 701 F.3d 1206, 1213–14 (7th Cir. 2012). The evidentiary basis is sufficient if counsel contemporaneously references evidence showing that the inference is reasonable. *See id.*

Mr. Rollerson argued to the jury that his son could have been responsible for the contraband because his son used the Majestic Lane residence where drugs were found, had keys to the Majestic Lane residence, and had keys to Mr. Rollerson's car. Dkt. 124 at 55–56, 61. Then, at a sidebar during final argument, defense counsel explained he also wanted to argue the son's responsibility explained why Mr. Rollerson was unable to cooperate, why some of Mr. Rollerson's statements to investigators were mistaken, and why there was no surveillance report of Mr. Rollerson at one of the addresses where drugs were found. *Id.* at 61–62. Counsel acknowledged that he had the opportunity to fairly argue that the son was responsible. *Id.*

Mr. Rollerson now claims that he was prevented from presenting and explaining his theory of defense during final argument:

> Mr. Rollerson's defense involved the argument that the evidence was at least as consistent with the theory that his limited confession was made to protect his son, whom he (rightly or wrongly) believed to be responsible for the contraband located by law enforcement. Mr. Rollerson attempted to argue that this was a reasonable inference from the evidence but was erroneously prevented from doing so by the Court . . . ."

Dkt. 115 at 1–2.

But Mr. Rollerson did present the substance of this argument to the jury. Dkt. 124 at 55–57. His counsel repeatedly argued that the statements law

3

enforcement officers attributed to Mr. Rollerson didn't make sense and therefore should not be believed and were not evidence of guilt. *See id.* He also explained why Mr. Rollerson's statements should not be believed and were not evidence of guilt—arguing, for example: "Now, if this is really money that he knew [ ] was his son's, based on something his son was involved in, that would explain why he got it wrong. That would explain the spontaneous 'I'm the only one involved.'" *Id.* at 57.

Defense counsel's final argument clearly conveyed Mr. Rollerson's theory—that the contraband belonged to Mr. Rollerson's son—and argued that the jury should view Mr. Rollerson's statements as an attempt to protect his son rather than a confession of guilt. *Id.* at 55-57.

Any additional argument that Mr. Rollerson wanted to make regarding his theory that his son was to blame for the contraband was not supported by the evidence. *See Wolfe*, 701 F.3d at 1213–14. To be a reasonable inference, "each step in the inferential chain must be supported by evidence that allows the jury to 'draw reasonable inferences from basic facts to ultimate facts.'" *United States v. Jones*, 713 F.3d 336, 340 (7th Cir. 2013). Counsel did not explain at trial or in his motion for a new trial what evidence supports any unmade argument. That argument at most *could explain* some evidence. *See* dkt. 124 at 61–62. But a possible explanation is not the same as a *reasonable inference* from the evidence. A party may not present speculation simply because it could explain evidence. *See Jones*, 713 F.3d at 340 ("[Each inference] must be sufficiently strong to avoid a lapse into speculation.").

4

Argument beyond what counsel was permitted to argue to the jury does not rise above speculation because Mr. Rollerson has pointed to no evidence connecting it to his son's access to the house. The argument was therefore properly limited.

Regardless, the limits imposed on defense counsel during closing argument did not deprive Mr. Rollerson of a fair trial. Substantial evidence connected Mr. Rollerson to the heroin and guns that he was convicted of possessing. One gun was found in the console of the vehicle that Mr. Rollerson owned and was driving. Dkt. 123 at 24. The other guns and the heroin were found at the Majestic Lane residence that Mr. Rollerson used to live in, received mail at, used its address on his driver's license, and had a key to. *Id.* at 9, 15, 24, 45–46, 95–96. And Mr. Rollerson told law enforcement officers that drugs, guns and a large quantity of cash would be found at the Majestic Lane residence, and that these things belonged to him. *Id.* at 46.

A new trial is not warranted based on the limitations placed on counsel during final argument.[1]

**B. Hearsay evidence**

Mr. Rollerson next argues that the Court erroneously admitted hearsay evidence when it allowed the government to "question [Task Force Officer Marc Campbell] about information that had actually been received from a confidential source concerning Mr. Rollerson's alleged California source of

---

[1] Mr. Rollerson contends that his closing argument was erroneously limited "on multiple occasions," but he addresses only the theory that his son was involved in or responsible for the criminal activity. Dkt. 115 at 1–2.

supply, to explain to the jury that the officer was only confused about where he had received that information (rather than having made it up completely)." Dkt. 115 at 2–3. Mr. Rollerson contends that he objected to the admission of this evidence and that the Court overruled the objection and allowed the government to rehabilitate its witness with further testimony about a California source of supply. *Id.* at 3. The problem with this argument is that these things did not happen.

The testimony about a source from California was from TFO Marc Campbell in response to a question from defense counsel. During the government's examination, TFO Campbell testified that Mr. Rollerson told him that money found during a search was for his drug courier. Dkt. 123 at 43–44. On cross-examination, Mr. Rollerson's counsel asked, "Who was the courier?" and Mr. Campbell responded, "Some individual out of California." *Id.* at 62. Neither counsel nor TFO Campbell mentioned California as a potential source of supply after that. *See id.* at 69–80.

The only other evidence admitted regarding the possible courier from California was in stipulations agreed to by Mr. Rollerson:

> Stipulation number 10, "The parties agree that there are no reports in this case documenting the defendant's stating he has a source for drugs in California."
>
> Stipulation number 11: "The parties further agree that law enforcement did have information in this case that the drugs seized from 4231 Majestic Lane, Apartment D, in Indianapolis, Indiana may have come from California."

Dkt. 124 at 8–9.

All evidence admitted at trial relating to a California drug connection was either elicited by Mr. Rollerson on cross-examination or agreed to in a stipulation. Since Mr. Rollerson's counsel was "directly responsible for the introduction" of this evidence, he cannot complain about it now. *United States v. Wynn*, 845 F.2d 1439, 1443–44 (7th Cir. 1988); *see United States v. Driver*, 242 F.3d 767, 770 (7th Cir. 2001) ("When the court does exactly what the defendant wants, the defendant has waived rather than simply forfeited any argument that things should have been done otherwise.").

A new trial is therefore not warranted on this basis either.

## IV.
## Conclusion

Mr. Rollerson's motion for a new trial is **DENIED**. Dkt. [115].

**SO ORDERED.**

Date: 1/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Beau B. Brindley
LAW OFFICE OF BEAU B. BRINDLEY
bbbrindley@gmail.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Jeremy A. Morris
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeremy.morris@usdoj.gov

Michael J. Thompson
LAW OFFICES OF BEAU B. BRINDLEY
thompsonlegal@gmail.com